1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    CHRISTOPHER A. JONES,                    )
                                              )
10              Petitioner,                   )        3:05-cv-00582-LRH-VPC
                                              )
11   vs.                                      )
                                              )        **ORDER**
12   E.K McDONALD, *et al.*,                  )
                                              )
13              Respondents.                  )
                                              )
14   _____/

15          This action proceeds on the Amended Petition for a Writ of Habeas Corpus pursuant to 28

16   U.S.C. §2254, by Christopher A. Jones, a Nevada prisoner represented by counsel.  Before the Court

17   are respondents' "Motion to Dismiss and Answer to Petition for Writ of Habeas Corpus" (Docket

18   #15) and petitioner's Response (Docket #19).

19   **I.      Factual and Procedural Background**

20           **A.      State Court Proceedings**

21          Petitioner Jones was charged, in Nevada's Eighth Judicial District, with one count of First

22   Degree Murder with the Use of a Deadly Weapon, two counts of Attempted Murder with the Use of

23   a Deadly Weapon, and three counts of Discharging a Firearm at or into a Structure.  (Exhibit 4.)[1]  At

24   the jury trial, petitioner was found guilty of First Degree Murder and was found not guilty as to all

25   other counts.  (Exhibits 40-41).  After the guilty verdict, Jones entered into a stipulation with the

26

27          [1] The exhibits referred to in this Order are located in the record of Jones' first federal petition,
     CV-N-01-0038-DWH-VPC, at Docket #16, #17, #18, and #19.  Petitioner has supplemented the record
28   with Exhibits 102-115 found in 3:05-CV-0582-LRH-VPC at Docket #3.

1  State wherein he waived his right to a direct appeal and a separate penalty hearing; he stipulated to a

2  sentence of life with the possibility of parole for First Degree Murder, and a consecutive life with the

3  possibility of parole for the Deadly Weapon enhancement. (Exhibit 43). On June 25, 1996, the state

4  trial court adjudged petitioner guilty of First Degree Murder with Use of a Deadly Weapon and

5  sentenced him according to the stipulation of the parties. (Exhibit 48). The Judgment of Conviction

6  was entered on July 1, 1996. (Exhibit 49).

7  　　　　Petitioner did not pursue a direct appeal. On April 22, 1997, he filed a Motion to Withdraw

8  from Stipulation and Order Waiving Separate Penalty Hearing and Waiving Appeal in the Eighth

9  Judicial District Court ("Motion to Withdraw Stipulation"). (Exhibits 56, 57, and 59). Less than one

10  month later, on May 14, 1997, petitioner filed a state post-conviction petition for writ of habeas

11  corpus. (Exhibits 68 and 69). The State filed a joint opposition to both the Motion to Withdraw the

12  Stipulation and to the state habeas petition. (Exhibit 71). Both matters were heard on June 10, 1997,

13  and were denied. (Exhibits 74 and 76). The Findings of Fact, Conclusions of Law and Order was

14  signed and filed by the state court on June 12, 1997. (Exhibit 74).

15  　　　　On July 9, 1997, petitioner filed a notice of appeal of the denial of his state habeas petition to

16  the Nevada Supreme Court. (Exhibit 78). On July 29, 1997, the Court ordered that review of the

17  complete record was warranted. (Exhibit 85). An opening brief was filed on December 15, 1997.

18  (Exhibit 87). Nearly three years later, petitioner sought leave to file additional pages and an

19  amended brief adding additional grounds to the original opening brief. (Exhibits 88, 89, and 90).

20  The Nevada Supreme Court stamped these documents "received" on September 8, 2000. (Exhibit

21  90). On September 11, 2000, one business day after it received petitioner's motion to amend and

22  amended brief, the Nevada Supreme Court entered its Order Dismissing Appeal. (Exhibit 91).

23  Rehearing was denied on December 29, 2000. (Exhibit 93). Remittitur issued on January 17, 2001.

24  (Exhibit 94).

25  　　　　Jones' first federal petition for a writ of habeas corpus was filed on January 18, 2001, in case

26  number CV-N-01-0038-DWH-VPC (Jones I). On April 9, 2002, petitioner filed the Second

27  Amended Petition for a Writ of Habeas Corpus, setting forth eight grounds of relief. (Docket #26 in

28  Jones I, CV-N-01-0038-DWH-VPC). The action was dismissed without prejudice to allow

1  petitioner an opportunity to exhaust Grounds Two (ineffective assistance of counsel for failure to file

2  an appeal) and Eight (ineffective assistance of counsel for failure to object to prosecutor's closing

3  argument).  (Docket #37 and #43).  On October 3, 2003, this Court entered a "stay-and-abey" order

4  allowing petitioner to return to state court to exhaust Grounds Two and Eight.  (Docket #46).

5       Petitioner returned to the Eighth Judicial District Court of Nevada and filed a second post-

6  conviction petition raising three grounds for relief: (1) a due process violation resulting from

7  improper commentary, personal opinions, and disparagement of the defense in the prosecutor's

8  closing arguments; (2) denial of effective assistance of counsel because there was no objection to the

9  prosecutor's closing arguments; and (3) denial of effective assistance of counsel because counsel

10  failed to file a notice of appeal on petitioner's behalf.  (Exhibit 93).  On June 11, 2004, the state

11  district court entered its Findings, Conclusions, and Order denying the second habeas petition.

12  (Exhibit 109).

13       Petitioner appealed and the Nevada Supreme Court entered an order of affirmance on

14  March 26, 2005.  (Exhibits 110 and 114).  Remittitur issued on Jones's appeal on May 5, 2005.

15       **B.  Federal Habeas Proceedings**

16       Jones's first federal petition for writ of habeas corpus was filed on January 18, 2001, in case

17  number CV-N-01-0038-DWH-VPC (Jones I).  The petition was amended twice and ultimately

18  dismissed without prejudice and with leave to reopen to allow Jones an opportunity to exhaust

19  Grounds Two and Eight.  Jones returned to this Court with a motion to reopen his federal habeas

20  corpus petition.  (Docket #51).  On October 26, 2005, this Court granted the motion to re-open and

21  the action was assigned the new case number 3:05-CV-0582-LRH-VPC (Jones II), Docket #1).  On

22  November 30, 2005, an amended petition was filed incorporating the newly exhausted grounds for

23  relief and supplementing the record.  (Docket #2; Exhibits, Docket #3).  On February 13, 2006,

24  respondents filed a motion to dismiss the petition, claiming that Grounds 2-6, 8, and 9 of the petition

25  were procedurally defaulted.  (Docket #8).  By Order filed July 19, 2006, this Court granted the

26  motion, finding that Grounds 2, 3, 4, 5, 6, 8, and 9 of the Amended Petition were procedurally

27  defaulted in state court, and that petitioner had not made a showing of cause for the procedural

28  default.  Claims 2, 3, 4, 5, 6, 8, and 9 of the amended petition were dismissed with prejudice.

3

1    Respondents were directed to file an answer as to the remaining claims in the amended petition,

2    Grounds One and Seven.  (Docket #10).

3    **II.      The Instant Motion to Dismiss (Docket #15)**

4           In their motion, respondents contend that Ground Seven of the amended petition is an

5    unexhausted claim, and further, that it would be procedurally barred if it is now presented to the state

6    court, and therefore should be dismissed.  In Ground Seven of the amended petition, petitioner

7    alleges ineffective assistance of counsel (IAC) for trial counsel's failure to object to certain bad act

8    evidence admitted at trial.  (Docket #2, at pp. 31-33).  Petitioner asserts that this claim was presented

9    to the Nevada Supreme Court in Ground VIII of Appellant's Amended Opening Brief, at Exhibit 90.

10   (Docket #2, at pp. 31-32).  The Amended Opening Brief was received by the Nevada Supreme Court

11   one business day before the Court entered its Order Dismissing Appeal.  This Court previously

12   determined that the claims presented in the Amended Opening Brief were not fairly presented to the

13   Nevada Supreme Court, as follows:

14          [T]his court is even more convinced, after again reviewing the state court record, that
             Grounds Two and Eight are unexhausted.  To demonstrate that these claims were
15          fairly presented [to] the Nevada Supreme Court, petitioner relies on arguments he
             included in an "amended opening brief" to the state's highest court.  Docket #19,
16          Exhibit 90.  Petitioner's initial opening brief was filed in that matter on December 15,
             1997.  *Id.*, Exhibit 87.  The amended brief which petitioner relies upon for exhaustion
17          purposes was received by the Nevada Supreme Court nearly three years later on
             Friday, September 8, 2000.  The Nevada Supreme Court filed its order dismissing the
18          appeal on the next business day – September 11, 2000.  *Id.*, Exhibit 91.  As such,
             petitioner did not give the Court a fair opportunity to review his amended brief before
19          the Court issued its decision.  Consequently, this court cannot conclude that
             arguments contained in the amended brief effected state court exhaustion on Grounds
20          Two and Eight.  *See Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000).

21   (Order, filed July 15, 2003, Docket #43, in Jones I, CV-N-01-0038-DWH-VPC).  Ground Seven in

22   the instant action (Jones II) was also presented to the Nevada Supreme Court in the Amended

23   Opening Brief and this Court now finds that it similarly was not fairly presented to the Nevada

24   Supreme Court.  As such, Ground Seven is unexhausted.

25          In the response to the motion to dismiss, petitioner points out that Ground Seven of the

26   instant petition is the same claim as Ground Seven in Jones I, CV-N-01-0038-DWH-VPC.  (Docket

27   #26, pp. 29-31).  Petitioner argues that the State has waived the exhaustion defense because, in the

28   prior motion to dismiss filed in Jones I, CV-N-01-0038-DWH-VPC, respondents only challenged

1  Grounds Two and Eight as unexhausted, but not Ground Seven.  Petitioner contends that the failure

2  to challenge Ground Seven in <u>Jones I</u> constituted the State's "express waiver" of the exhaustion

3  defense now asserted against Ground Seven of the instant petition.

4      The AEDPA provides that "[a] State shall not be deemed to have waived the exhaustion

5  requirement or be estopped from reliance upon the requirement unless the State, through counsel,

6  *expressly waives* the requirement."  28 U.S.C. 2254(b)(3) (emphasis added).  Exhaustion is a defense

7  that the State can waive only *expressly*.  *Id.; see Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th

8  Cir. 2002) (holding that while the exhaustion defense may only be waived expressly pursuant to §

9  2254(b)(3), that statutory provision has no bearing on pre-AEDPA precedent regarding waiver of the

10 procedural default defense); *see also Kunkle v. Dretke*, 352 F.3d 980, 989-991 (5th Cir. 2003) (failure

11 to raise exhaustion defense in answer and arguing claim on the merits did not constitute express

12 waiver by the State)*; Lurie v. Wittner*, 228 F.3d 113, 123 (2nd Cir. 2000) ("cryptic observation" by

13 State's counsel that petitioner "did make these arguments in the appellate division" was not an

14 express waiver of exhaustion of state remedies);  *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th

15 Cir. 2005) ("the State's failure to raise exhaustion does not constitute a waiver under the AEDPA");

16 *Hale v. Gibson*, 227 F.3d 1298, 1327, n.12 (10th Cir. 2000) (noting that, pursuant to § 2254(b)(3), the

17 State may raise exhaustion at any time, including for the first time, on appeal).

18      In the instant case, petitioner cites no legal authority for the proposition that respondents'

19 failure to assert the exhaustion defense in an earlier proceeding constitutes an express waiver by the

20 State.  This Court finds that respondents' failure to raise the exhaustion defense earlier does not

21 constitute an "express waiver" of the defense within the meaning of 28 U.S.C. § 2254(b)(3).

22      Petitioner further contends that this Court is bound by the "law of the case."  Petitioner

23 asserts that this Court, in its Order of February 25, 2003, "treated" Ground Seven as an exhausted

24 claim because it identified only Grounds Two and Eight of the petition in <u>Jones I</u> as unexhausted.

25 (Order, filed February 25, 2003, in <u>Jones I</u>, CV-N-01-0038-DWH-VPC, at Docket #37).  The Court

26 rejects petitioner's characterization of this Court's treatment of Ground Seven.  At that juncture,

27 respondents had asserted the exhaustion defense only as to Grounds Two and Eight.  This Court

28 ruled on the issues before it and never made the determination that Ground Seven was exhausted.

1   (Order, filed February 25, 2003, in <u>Jones I</u>, CV-N-01-0038-DWH-VPC, at Docket #37).

2        This Court now finds that the State did not expressly waive the exhaustion defense with

3 respect to Ground Seven of the instant petition.  The Court further finds, as discussed *supra*, that

4 Ground Seven was not fairly presented to the Nevada Supreme Court, and as such, is an unexhausted

5 claim.

6        With respect to respondents' argument that Ground Seven should be dismissed as

7 procedurally defaulted, this proposition goes too far.  Respondents argue that if petitioner attempted

8 to return to state court to exhaust Ground Seven, that the claim would likely be procedurally barred

9 as untimely.  NRS 34.726 provides that a petitioner may not bring a petition that challenges the

10 validity of a judgment or sentence more than one year after entry of the judgment of conviction, or

11 more than one year after the Supreme Court has issued its remittitur regarding a direct appeal,

12 "unless there is good cause shown for the delay."  Furthermore, the statute goes on to clarify that

13 "good cause" exists if the petitioner can demonstrate to the court "(a) that the delay is not the fault of

14 petitioner; and (b) that dismissal of the petition as untimely will unduly prejudice the petitioner."

15 Petitioner can overcome the time limit in NRS 34.726 by demonstrating good cause.  Petitioner's

16 chance of obtaining a review of the merits of his unexhausted claim (Ground Seven) may be small,

17 but it is not non-existent.  To simply accept the assertion that petitioner would be procedurally

18 defaulted upon his return to state court "would be to ignore the twin purposes of the exhaustion

19 doctrine . . . (1) the consideration due a sovereign State's court's efforts to right federal constitutional

20 wrongs and (2) the advantage, on federal habeas review, of a record fully developed in prior habeas

21 proceedings in the state system." *Sechrest v. Ignacio,* 943 F. Supp. 1245, 1252 (D. Nev. 1996)

22 (*citing Harris v. Reed,* 489 U.S. 255, 268-269 (1989)).  As in *Sechrest*, this Court will not assume, as

23 respondents urge, that petitioner could not persuade the Nevada Supreme Court to reach the merits of

24 his unexhausted claim.  Thus, while this Court finds that Ground Seven is unexhausted, the Court

25 also finds that it is not appropriate to dismiss Ground Seven on procedural default grounds.

26        Finally, the Court notes that respondents also seek dismissal of Ground One of the amended

27 petition on the merits.  The Court will defer determination on the merits of Ground One until

28 resolution of the exhaustion issue regarding Ground Seven.

1  **III.   Conclusion**

2        Because the Court finds that the petition is a mixed petition, containing both exhausted and

3  unexhausted claims, petitioner has several options.  In the past, it has been the practice of this Court

4  to permit a petitioner the option of abandoning his unexhausted claims and proceeding on the merits

5  of those that are properly exhausted or voluntarily dismissing the action without the entry of

6  judgment, to permit a return to state court.  However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the

7  Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas

8  petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

9            [S]tay and abeyance should be available only in limited circumstances.
10       Because granting a stay effectively excuses a petitioner's failure to present his
         claims first to the state courts, stay and abeyance is only appropriate when the
         district court determines there was good cause for the petitioner's failure to exhaust
11       his claims first in state court.  Moreover, even if a petitioner had good cause for that
         failure, the district court would abuse its discretion if it were to grant him a stay
12       when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2)
         ("An application for a writ of habeas corpus may be denied on the merits,
13       notwithstanding the failure of the applicant to exhaust the remedies available in the
         courts of the State").

14

15  *Rhines*, 544 U.S. at 277.

16        Because petitioner's federal habeas petition is a mixed petition containing both exhausted and

17  unexhausted claims, it must be dismissed by this Court.  Prior to dismissing this case, however,

18  petitioner will be provided the following three options:

19       1.      He may submit a sworn declaration voluntarily abandoning the unexhausted
                 claim in his federal habeas petition, and proceed only on the exhausted claim;
20
         2.      He may return to state court to exhaust his unexhausted claim, in which case
21               his federal habeas petition will be denied without prejudice but will not be
                 stayed during his return to state court; or
22
         3.      He may file a motion, pursuant to the requirements of *Rhines*, asking this
23               Court to stay and abey his exhausted federal habeas claim while he returns to
                 state court to exhaust his unexhausted claim.
24

25  Petitioner's failure to choose any of the three options listed above will result in his federal habeas

26  petition being dismissed.  Petitioner is also advised to be familiar with the limitations periods for

27  filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may

28  have a direct and substantial effect on whatever choice he makes regarding his petition.

1    **IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (Docket

2    #15) is **GRANTED IN PART AND DENIED IN PART, as follows: Respondents' motion is**

3    **granted to the extent that the Court concludes that Ground Seven of the federal habeas**

4    **petition is unexhausted.  The motion to dismiss Ground Seven on procedural default grounds**

5    **is denied.  The motion to dismiss Ground One is denied without prejudice and subject to**

6    **renewal of the arguments after resolution of the exhaustion issue regarding Ground Seven.**

7    **IT IS FURTHER ORDERED that petitioner shall have thirty (30) days** to do one of the

8    following: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever

9    abandon the unexhausted ground for relief in his federal habeas petition (Ground Seven), and

10   proceed only on Ground One; **OR (2)** inform this Court in a sworn declaration that he wishes to

11   dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted

12   claim; **OR (3)** file a motion pursuant to the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005),

13   asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust

14   his unexhausted claim (Ground Seven).

15   **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground

16   (Ground Seven), respondents shall have **thirty (30) days** from the date petitioner serves his

17   declaration of abandonment in which to file an answer or response to petitioner's remaining ground

18   for relief (Ground One).  Petitioner shall thereafter have **twenty (20) days** following service of

19   respondents' answer in which to file a reply.

20   **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

21   permitted, this case may be dismissed.

22   **IT IS FURTHER ORDERED** that the Court defers determination on the merits of Ground

23   One until after resolution of the exhaustion issue regarding Ground Seven.

24   Dated this 22nd day of August, 2007.

25

26

27   _____

28   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

8