# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER A. JONES,

Petitioner,

vs.

E.K. McDANIEL, *et al.*,

Respondents.

Case No. 3:05-cv-00582-LRH-VPC

**ORDER**

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. Before the Court is respondents' motion to dismiss Ground 7 of the second amended petition. (ECF No. 40). Also before the Court is petitioner's combined motion for leave to supplement the opposition to the motion to dismiss, and motion for reconsideration of the dismissal of Ground 8 of the second amended petition. (ECF No. 48).

## I. Procedural History

### A. State Court Proceedings (1995-2001)

Petitioner was charged, in Nevada's Eighth Judicial District, with one count of first degree murder with the use of a deadly weapon, two counts of attempted murder with the use of a deadly weapon, and three counts of discharging a firearm at or into a structure. (Exhibit 4.)[1] At the jury trial, petitioner was found guilty of first degree murder and was found not guilty as to all other

[1] The exhibits referenced in this order are found in the record of petitioner's first federal habeas case, (*Jones I*), CV-N-01-0038-DWH-VPC, at ECF Nos. 16, 17, 18, 19, and 21. Exhibits are also found in the instant case, (*Jones II*), 3:05-cv-00582-LRH-VPC, at ECF Nos. 5 and 39.

counts. (Exhibits 40-41). After the guilty verdict, petitioner entered into a stipulation with the State wherein he waived his right to a direct appeal and a separate penalty hearing; he stipulated to a sentence of life with the possibility of parole for first degree murder, and a consecutive sentence of life with the possibility of parole for the deadly weapon enhancement. (Exhibit 43). On June 25, 1996, the state trial court adjudged petitioner guilty of first degree murder with use of a deadly weapon and sentenced him according to the stipulation of the parties. (Exhibit 48). The judgment of conviction was filed on July 1, 1996. (Exhibit 49).

Petitioner did not pursue a direct appeal. On April 22, 1997, petitioner, acting in *pro per*, filed a "motion to withdraw from stipulation and order waiving separate penalty hearing and waiving appeal" (motion to withdraw stipulation), along with an affidavit, and points and authorities. (Exhibits 56, 57, 59). On May 14, 1997, petitioner filed a *pro per* post-conviction habeas petition in the state district court, along with points and authorities. (Exhibits 68 and 69). The State filed a combined opposition to the motion to withdraw stipulation and to the post-conviction habeas petition. (Exhibit 71). On June 12, 1997, the state district court filed findings of fact, conclusions of law, and order denying the post-conviction habeas petition. (Exhibit 74). In the order, the state district court noted that the post-conviction habeas petition raised the same claims of error as petitioner raised in his motion to withdraw stipulation. (Exhibit 74, at p. 3). On the same date, the state district court entered an order denying petitioner's motion to withdraw stipulation. (Exhibit 76).

On July 9, 1997, petitioner filed a notice of appeal of the denial of his post-conviction habeas petition to the Nevada Supreme Court. (Exhibit 78). Petitioner filed his opening brief on December 15, 1997. (Exhibit 87). Nearly three years later, on September 8, 2000, petitioner sought leave to file additional pages and an amended brief adding additional grounds to the original opening brief. (Exhibits 88, 89, and 90). The Nevada Supreme Court stamped these documents "received" on September 8, 2000. (Exhibit 90). On September 11, 2000, one business day after it received petitioner's motion to amend and amended brief, the Nevada Supreme Court entered its order dismissing the appeal. (Exhibit 91). Rehearing was denied on December 29, 2000. (Exhibit 93). Remittitur issued on January 17, 2001. (Exhibit 94).

**B. Initial Federal Habeas Petition (2001-2003)**

Petitioner's federal habeas petition was filed on January 18, 2001, in case number CV-N-01-0038-DWH-VPC (*Jones I*). (ECF No. 2 in *Jones I*). The Court appointed the Federal Public Defender to represent petitioner in the federal habeas proceedings. (ECF No. 5). On February 21, 2002, through his counsel, petitioner filed a first amended petition setting forth eight grounds for relief. (ECF No. 15). Through counsel, petitioner filed a second amended petition on April 9, 2002, again seeking eight grounds of relief. (ECF No. 26). Respondents moved to dismiss the petition, asserting that Grounds 2 and 8 were not exhausted in state court. (ECF No. 33). On February 25, 2003, this Court granted respondents' motion in part, ruling that Grounds 2 and 8 were not exhausted. (ECF No. 37). On October 3, 2003, this Court dismissed this action without prejudice to allow petitioner to return to state court to exhaust Grounds 2 and 8. (ECF No. 46). The case was administratively closed without entering judgment, with a provision for petitioner to return to federal court after exhausting his claims in state court. (*Id.*).

**C. First Return to State Court (2003-2005)**

Petitioner returned to the Eighth Judicial District Court of Nevada and filed his second post-conviction habeas petition on November 19, 2003, raising three grounds for relief: (1) a due process violation resulting from improper commentary, personal opinions, and disparagement of the defense in the prosecutor's closing arguments; (2) denial of effective assistance of counsel because there was no objection to the prosecutor's closing arguments; and (3) denial of effective assistance of counsel because counsel failed to file a notice of appeal on petitioner's behalf. (Exhibit 102). On June 11, 2004, the state district court entered its findings of fact, conclusions of law, and order denying the post-conviction habeas petition. (Exhibit 109). Petitioner appealed and the Nevada Supreme Court entered an order of affirmance on March 29, 2005. (Exhibits 110 and 114). Remittitur issued on May 5, 2005. (Exhibit 115).

**D. Federal Habeas Proceedings (2005-2008)**

Petitioner returned to this Court with a motion to reopen his federal habeas corpus action. By order filed October 26, 2005, this Court granted petitioner's motion to re-open and assigned the action the new case number 3:05-CV-0582-LRH-VPC (*Jones II*). (ECF No. 1, in *Jones II*). On

November 30, 2005, an amended petition was filed incorporating the newly exhausted grounds for relief and supplementing the record. (ECF No. 2; ECF No. 3). On February 13, 2006, respondents filed a motion to dismiss the petition, asserting that Grounds 2-6, 8, and 9 of the petition were procedurally defaulted. (ECF No. 8). By order filed July 19, 2006, this Court granted the motion, finding that Grounds 2, 3, 4, 5, 6, 8, and 9 of the amended petition were procedurally defaulted in state court, and that petitioner had not made a showing of cause to excuse the procedural default. (ECF No. 10). Grounds 2, 3, 4, 5, 6, 8, and 9 of the amended petition were dismissed with prejudice. (*Id.*). Respondents were directed to file an answer to the remaining claims in the amended petition, Grounds 1 and 7. (*Id.*).

On October 18, 2006, respondents filed a motion to dismiss Ground 7 of the amended petition on the basis that it was unexhausted. (ECF No. 15). On August 23, 2007, this Court ruled that Ground 7 was unexhausted and gave petitioner options for dealing with his mixed petition. (ECF No. 21). Petitioner sought reconsideration of orders filed July 15, 2003, July 19, 2006, and August 23, 2007. (ECF No. 22). By order filed June 2, 2008, the Court denied petitioner's motion for reconsideration and directed petitioner to comply with the Court's order of August 23, 2007, which required petitioner to choose an option for handling unexhausted Ground 7. (ECF No. 23). Petitioner filed a motion seeking a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he could return to state court to exhaust Ground 7. (ECF No. 28). On November 10, 2008, the Court granted petitioner's motion for a stay and abeyance. (ECF No. 33). The action was administratively closed while petitioner sought to exhaust Ground 7 in the state courts.

**E. Second Return to State Court (2009-2010)**

Petitioner returned to the Eighth Judicial District Court of Nevada and filed his third post-conviction habeas petition on January 16, 2009. (Exhibit 116). On September 30, 2009, the state district court filed findings of fact, conclusions of law, and order denying the petition. (Exhibit 121). Petitioner appealed. (Exhibit 124). The Nevada Supreme Court filed an order affirming the denial of petitioner's third post-conviction habeas petition. (Exhibit 131). Remittitur issued on February 2, 2011. (Exhibit 132).

///

**F. Federal Proceedings (2011-present)**

On March 22, 2011, petitioner filed a motion to reopen his federal habeas action. (ECF No. 36). By order filed May 16, 2011,this Court granted petitioner's motion and directed petitioner to file a second amended petition. (ECF No. 37). On June 15, 2011, through counsel, petitioner filed a second amended petition. (ECF No. 38). On July 15, 2011, respondents filed a motion to dismiss Ground 7 of the second amended petition as procedurally barred. (ECF No. 40). Petitioner opposed the motion (ECF No. 46) and respondents replied (ECF No. 47). Petitioner then filed a motion seeking leave to supplement his opposition, accompanied by an attached supplemental opposition. (ECF No. 48). In the same motion, petitioner also seeks reconsideration of the Court's prior dismissal of Ground 8 as procedurally defaulted. (*Id.*). Respondents filed a response, indicating their non-opposition to petitioner's motion for leave to supplement his opposition, but indicating their opposition to petitioner' s motion for reconsideration regarding Ground 8. (ECF No. 52). Petitioner has filed a reply. (ECF No. 58).

**II. Discussion**

Respondents seek to dismiss Ground 7 on the basis that the claim was procedurally defaulted in state court. In an order filed August 23, 2007, this Court ruled that Ground 7 was unexhausted. (ECF No. 21). This Court granted petitioner a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), allowing him to return to state court to exhaust Ground 7. (ECF No. 33).

In Ground 7 of the second amended petition, petitioner alleges that his counsel was ineffective because trial counsel failed to object to other bad act evidence stemming from a previous altercation between petitioner and the victim, Almeta Lynnette Porter Williams, several months before petitioner killed her. (ECF No. 38, at pp. 29-30). This was the sole claim in petitioner's January 16, 2009 post-conviction habeas petition filed in state district court. (Exhibit 116). The Nevada Supreme Court affirmed the denial of the January 16, 2009 post-conviction habeas petition, as follows:

> Appellant argues that the district court erred in concluding that his petition was procedurally barred without cause for the delay. Appellant filed his petition on January 16, 2009, more than 12 years after entry of the judgment of conviction on July 1, 1996. Thus, appellant's petition is untimely filed. See NRS 34.726(1). Moreover,

> appellant's petition is successive because he has previously filed two post-conviction petitions for a writ of habeas corpus, and it constitutes an abuse of the writ as he raises claims new and different from those raised in his previous petitions. See NRS 34.810(1)(b(2); NRS 34.810(2). Appellant's petition is procedurally barred absent a demonstration of good cause and actual prejudice. See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded latches, appellant is required to overcome the rebuttable presumption of prejudice to the State. NRS 34.800(2).

(Exhibit 131, at pp. 1-2). The Nevada Supreme Court went on to find that petitioner failed to demonstrate good cause to excuse the procedural defaults, and did not demonstrate prejudice. (*Id.*, at pp. 2-5).

**A. Procedural Default Principles**

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735

(there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

**B. The Issues Raised in Ground 7 of the Second Amended Petition Were Procedurally Defaulted in State Court on Independent and Adequate State Grounds**

In Ground 7 of the second amended petition, petitioner alleges that his counsel was ineffective because trial counsel failed to object to other bad act evidence stemming from a previous altercation between petitioner and the victim, Almeta Lynnette Porter Williams, several months before petitioner killed her. (ECF No. 38, at pp. 29-30). This was the sole claim in petitioner's January 16, 2009 post-conviction habeas petition filed in state district court. (Exhibit 116). As set forth above, by order filed January 13, 2011, the Nevada Supreme Court found that the petition was untimely under NRS 34.726(1). (Exhibit 131). The Nevada Supreme Court also found that the petition was successive and an abuse of the writ, citing NRS 34.810(1)(b) and NRS 34.810(2). (*Id.*). Further, the Nevada Supreme Court found that petitioner failed to show good cause and actual prejudice to excuse his procedural defaults. (*Id.*).

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the abuse of the writ rule of NRS 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Similarly, the Nevada Supreme Court's application of the rule against successive petitions has been held an independent and adequate state ground for procedural default. *Id.* In the instant case, this Court finds that the Nevada Supreme Court's application of the procedural bars of NRS 34.726(1), NRS 34.810(1)(b), and NRS 34.810(2) were independent and adequate grounds for the court's dismissal of the petition. Because Ground 7 of the second amended federal habeas petition asserts the same claim made in the procedurally defaulted state court habeas petition, Ground 7 is procedurally barred from federal review and will be dismissed

with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that this Court's failure to consider the claim will result in a fundamental miscarriage of justice.

**C. Cause and Prejudice/Fundamental Miscarriage of Justice**

To overcome a claim that was procedurally defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Petitioner asserts that there is cause and prejudice to excuse the procedural default as to Ground 7 of the second amended petition. Petitioner further asserts that there is cause and prejudice to excuse the procedural default of previously-dismissed Ground 8 of the second amended petition, which is also an ineffective assistance of counsel claim. Good cause appearing, petitioner's motion for reconsideration of the dismissal of Ground 8 is granted. Petitioner asserts that the ineffective assistance of trial counsel constitutes cause and prejudice to excuse the procedural default of Grounds 7 and 8, citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Petitioner also asserts that this Court's failure to consider Ground 7 will result in a fundamental miscarriage of justice, based on a claim of actual innocence. In their briefs, respondents present arguments to the contrary.

The Court has determined that the analysis of cause and prejudice arguments and fundamental miscarriage of justice issues in this case are closely related to the analysis on the merits of the case. Therefore, the Court will defer ruling on cause and prejudice issues, and fundamental miscarriage of justice issues, until the merits are fully briefed. These issues shall be addressed in the answer and reply brief.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file a supplemental opposition (ECF No. 48, Part 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration of the dismissal of Ground 8 (ECF No. 48, Part 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss Ground 7 of the second amended petition (ECF No. 40) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to Grounds 1, 7, and 8 of the second amended petition within **thirty (30) days** of the entry of this order. The answer shall substantively address the merits of Grounds 1, 7, and 8 of the second amended petition. The answer shall also address cause and prejudice issues, and fundamental miscarriage of justice issues, as applicable to the procedural default of Grounds 7 and 8 of the second amended petition.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE** a reply to the answer within **thirty (30) days** of being served with the answer. The reply shall respond to the answer and

substantively address Grounds 1, 7, and 8 of the second amended petition. The reply shall also address cause and prejudice issues, and fundamental miscarriage of justice issues, as applicable to the procedural default of Grounds 7 and 8 of the second amended petition.

DATED this 9th day of September, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE